

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**

**The following constitutes the order of the Court.**

**Signed February 15, 2006**                                    **United States Bankruptcy Judge**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| MONICA ANN RODRIGUEZ, | § | CASE NO. 05-50625-RLJ-7 |
| | § | |
| Debtor | § | |
| | | |
| SECURITY BANK, IDALOU, TEXAS, | § | |
| a branch of Security Bank, Ralls, Texas, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | ADVERSARY NO. 05-5025 |
| | § | |
| MONICA ANN RODRIGUEZ, | § | |
| | § | |
| Defendant | § | |

**MEMORANDUM OPINION AND ORDER**

Security Bank, Idalou, Texas, plaintiff, moves for summary judgment on its claim under section 523(a)(2)(A) and (B) that the debt of Monica Rodriguez, defendant and debtor, should be

declared nondischargeable. Hearing on the motion was held January 24, 2006.

A motion for summary judgment may be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Summary judgment should only be granted where it is clear that there is no dispute about the facts or inferences to be drawn therefrom. *Cent. Nat. Life Ins. Co. v. Fid. and Deposit Co. of Maryland*, 626 F.2d 537 (7th Cir.1980). The court must view the evidence in the light most favorable to the *non*moving party. *In re Chambers*, 348 F.3d 650 (7th Cir.2003)(emphasis added). Summary judgment is inappropriate if inferences are necessary for the judgment and those inferences are not mandated by the record. *In re Varrasso*, 37 F.3d 760, 763 (1st Cir. 1994). State of mind issues are not conducive to resolution by summary judgment, unless all the reasonable inferences that could be drawn from the evidence clearly support the movant's claim. *See Provenz v. Miller*, 102 F.3d 1478, 1489 (9th Cir. 1996); *see also Kand Med., Inc. v. Freund Med. Prods., Inc.*, 963 F.2d 125, 127 (6th Cir. 1992) (generally summary judgment is considered inappropriate where the issue of intent is involved).

Security Bank's claim of nondischargeability is based on both subsections (A) and (B) of section 523(a)(2). Subsection (B) concerns a debt arising through the use of a materially false written statement that concerns the debtor's financial condition. Neither the summary judgment evidence nor Security Bank's argument supports a claim under subsection (B). The "writing" here does not address Rodriguez's financial condition. Security Bank's claim for summary judgment is really based on subsection (A), which provides as follows:

> 11 U.S.C. § 523. Exceptions to discharge
>
> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt —
> . . .
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by–
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

The United States Supreme Court has held that the burden of proof required to establish an exception to discharge is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). To prevail on a cause of action to except debt from discharge as one for money obtained by debtor's "false pretenses, false representation, or actual fraud," the creditor must show the following: (1) that the debtor made false statements which he knew to be false, or which were made with such reckless disregard for the truth as to constitute willful misrepresentations; (2) that the debtor actually intended to deceive creditor; and (3) that the creditor, to his detriment, justifiably relied on the debtor's representations. *In re Logan*, 327 B.R. 907, 910 (Bankr. N.D. Ill. 2005).

To establish the necessary intent, a creditor must show that the debtor made misrepresentations with the intention and purpose of deceiving the creditor. *Schlenkerman v. Goldbronn (In re Goldbronn)*, 263 B.R. 347, 361 (Bankr. M.D. Fla. 2001). "Fraudulent intent need not be shown by direct evidence, but may be inferred from the totality of the circumstances." *Lyons v. Wiggins (In re Wiggins)*, 250 B.R. 131, 134 (Bankr. M.D. Fla. 2000). A debtor's misrepresentation, nondisclosure of material facts, and deceptive conduct may be sufficient to establish fraudulent intent. *Smith v. Cravey (In re Cravey)*, 105 B.R. 700, 703 (Bankr. M.D. Fla.

1989).

Determination of whether a creditor "justifiably relied" on debtor's misrepresentation(s) necessitates consideration of the creditor's particular circumstances, knowledge, and characteristics, as opposed to objective standard requiring lack of contributory negligence on creditor's part. *In re Logan*, 327 B.R. at 911.

The issue of fraudulent intent, central to a claim for non-dischargeability under 11 U.S.C. § 523(a)(2)(A), is a material issue that is not easily subject to adjudication by summary judgment. *In re Redden*, 234 B.R. 49, 51 (Bankr. D. Del. 1999).

> When considering a motion for summary judgment, issues of motive and intent as to the conduct of any party will normally preclude the Court from granting summary judgment. . . . *See Tew v. Chase Manhattan Bank, N.A.*, 728 F.Supp. 1551, 1555 (S.D. Fla. 1990) ('Certain issues such as fraud, intent, and knowledge lend themselves to trial, rather than summary judgment.'). However, 'even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation.'

*In re Shelley*, No. 03-42947-PNS3, 2005 WL 2456925, at *4 (Bankr. N.D. Fla. Apr 28, 2005)(internal citations partially omitted).

Security Bank contends that Rodriguez, in her answer, failed to properly respond to each allegation of Security Bank's complaint and thus the allegations must be deemed admitted. Although Rodriguez did not separately respond to each allegation in the complaint, her answer specifically denies that, at the time she signed the note, she knowingly made a false representation. Her answer sufficiently places at issue the first two elements of a section 523(a)(2)(A) cause of action. The remaining issue, then, is whether the summary judgment evidence establishes that Rodriguez had the requisite intent at the time she entered into the loan transaction. Upon

considering the summary judgment evidence in the light most favorable to Rodriguez, the Court cannot conclude that Rodriguez knowingly made a misrepresentation to Security Bank with the intention and purpose of deceiving the bank. *See In re Logan*, 327 B.R. at 916.

It is hereby ORDERED that Security Bank's motion for summary judgment is denied.

### End of Memorandum Opinion and Order ###